UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

| | | |
|---|---|---|
| ELMER KEITH TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 22-117-WOB |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN J. GILLEY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Elmer Keith Taylor is an inmate at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Taylor filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. The Respondent filed a response to Taylor's petition [R. 9], and Taylor filed a reply brief [R. 12]. Thus, Taylor's petition is now ripe for a decision from this Court. For the reasons set forth below, the Court will deny Taylor's petition.

In 2004, Taylor pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922 and 924. *See United States v. Taylor*, No. 3:02-cr-03042 (N.D. Iowa 2004). According to the Respondent, Taylor stipulated in his plea agreement that he was an armed career criminal, and the trial court agreed because Taylor had numerous prior convictions in Wisconsin, including for robbery, armed robbery, and aggravated battery, among other crimes. [*See* R. 9 at 3 (citing and discussing Taylor's underlying criminal history)]. The trial court then sentenced Taylor to 420 months in prison. *See Taylor*, No. 3:02-cr-03042, at R. 133. Taylor appealed, but the United States Court of Appeals for the Eighth Circuit affirmed the trial court's judgment. *See id.* at Rs. 142, 143. Taylor then repeatedly attempted to vacate his sentence pursuant to 28 U.S.C. § 2255, but his efforts were unsuccessful. *See id.* at Rs. 180, 181, 219, 220, 228, 229, 243, 244.

Taylor has now filed a § 2241 petition with this Court. [Rs. 1, 1-1]. Taylor argues that his prior Wisconsin convictions are no longer valid predicate offenses for purposes of his armed career criminal enhancement. [*See id.*]. To support his petition, Taylor primarily relies on the United States Supreme Court's decisions in *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Borden v. United States*, 141 S. Ct. 1817 (2021). [*See id.*]. Ultimately, Taylor claims that this Court should vacate his sentence. [*See id.*].

As an initial matter, based on the representations made to this Court by the United States Attorney's Office for the Eastern District of Kentucky (which is representing the Respondent), Taylor waived his right to collaterally attack his underlying sentence. [*See* R. 9 at 12-14 (citing and discussing Taylor's plea agreement, which remains sealed in his underlying criminal case)]. Indeed, according to the U.S. Attorney's Office, Taylor said in his plea agreement that he "knowingly and voluntarily waives his right to file post-conviction relief actions, including actions pursuant to 28 U.S.C. §§ 2255 and 2241, coram nobis actions and motions to reconsider or reduce his sentence." [R. 9 at 12]. This broad waiver precludes the arguments Taylor makes in this case. After all, "[i]t is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable." *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018); *see also Ewing v. Sepanek*, No. 0:14-cv-111-HRW (E.D. Ky. Jan. 6, 2015); *Solis-Caceres v. Sepanek*, No. 0:13-cv-021-HRW (E.D. Ky. Aug. 6, 2013); *Combs v. Hickey*, No. 5:11-cv-012-JMH (E.D. Ky. Jan. 7, 2011). In short, Taylor is barred from collaterally attacking his underlying sentence in his present habeas petition.

That said, even if Taylor's collateral attack waiver was not enforceable, his § 2241 petition would still constitute an impermissible collateral attack on his sentence. While a federal prisoner may challenge the legality of his sentence in a § 2255 motion, he generally may not do so in a §

2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Taylor cannot use a § 2241 petition as a way of challenging his underlying sentence.

It is true that, in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), the United States Court of Appeals for the Sixth Circuit set forth a limited exception under which a federal prisoner may challenge his sentence via § 2241. However, the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can show: "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill*, 836 F.3d at 595.

Taylor has not established the foregoing requirements. Although Taylor relies on the Supreme Court's decisions in *Descamps* and *Borden*, he has not sufficiently demonstrated that those decisions call into question his enhanced sentence, let alone render it a miscarriage of justice or fundamental defect. In fact, if anything, the Respondent has persuasively shown that, under applicable case law, Taylor's prior convictions qualify as valid predicate offenses for purposes of the sentence enhancement in his case. [*See* R. 9 at 14-17].

For the foregoing reasons, Taylor's petition constitutes an impermissible collateral attack on his sentence. Therefore, this Court may not entertain his § 2241 petition and will dismiss it for lack of subject-matter jurisdiction. *See Taylor v. Owens*, 990 F.3d 493, 496 (6th Cir. 2021)

Accordingly, it is **ORDERED** as follows:

1. Taylor's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DISMISSED** for lack of subject-matter jurisdiction.

2. This action is **STRICKEN** from the Court's docket.

3. The Court will enter a corresponding Judgment.

This 31st day of October, 2022.

Signed By:
*William O. Bertelsman* WOB
United States District Judge